UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELECIA FLUKER, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-cv-00519-RDP |
| } | |
| MEGAN J. BRENNAN, POSTMASTER } | |
| GENERAL OF THE UNITED STATES } | |
| POSTAL SERVICE, } | |
| } | |
| Defendants. | |

**MEMORANDUM OPINION**

This case is before the court on Defendant's motion to dismiss. (Doc. # 10). After careful consideration, and for the reasons explained below, the court concludes the motion is due to be granted.

**I.  Factual and Procedural Background**

This case arises out of Plaintiff's employment with the United States Postal Service from November 1999 until April 2008. This is the second lawsuit Plaintiff has filed complaining of her former employer's conduct; the first was filed in this court in 2011. Because the relationship between the two lawsuits is relevant to the court's analysis below, the court first describes Plaintiff's 2011 lawsuit before turning to the present case.

In 2011, Plaintiff sued the Postmaster General and the U.S. Postal Service on various claims arising out of her employment with the Postal Service. *Fluker v. Postmaster General*, No. 2:11-cv-03261-AKK (N.D. Ala. filed Sept. 13, 2011) (*Fluker I*). Plaintiff's lawsuit was based on the following allegations. Plaintiff worked as a mail processing clerk at the Gardendale Post

Office beginning in November 1999, until her termination in April 2008. *Fluker I*, No. 2:11-cv-03261-AKK (Doc. # 17 at ¶ 11). Plaintiff received several certifications and at least one promotion during her time with the Postal Service. *Id.* at ¶¶ 12-13. But she also requested several transfers, additional training, and promotions during her tenure, most of which were denied. *Id.* at ¶¶ 14-17, 21. Plaintiff also made multiple requests for leave pursuant to the Family Medical Leave Act ("FMLA") due to arthritis, all of which the Postal Service denied. *Id.* at ¶ 20-23. In April 2008, the Gardendale Postmaster presented Plaintiff with a "Notice of Removal," which terminated Plaintiff's employment with the Postal Service. *Id.* at ¶ 25.

After pursuing administrative remedies with the EEOC, Plaintiff filed suit against the Postmaster General and the U.S. Postal Service. She asserted claims of race discrimination, retaliation, and disparate treatment under Title VII; "Violation and Retaliation" under the FMLA; "Violation and Retaliation" under the "Rehabilitation Act";[1] and a claim for mental and emotional distress (apparently under the common law of Alabama). *Id.* at ¶¶ 39-64.

Plaintiff's claims in her 2011 lawsuit were tried to a jury before Judge Kallon on December 14, 2015. *See Fluker I*, No. 2:11-cv-03261-AKK (Minute Entry dated Dec. 14, 2015). On December 15, 2015, the jury returned a verdict in favor of the Postmaster General. *Id.* (Doc. # 89). That same day, Judge Kallon entered final judgment against Plaintiff and dismissed her case with prejudice, costs taxed to Plaintiff. *Id.*

Plaintiff appealed the judgment to the Eleventh Circuit. *Id.* (Doc. # 93) (Notice of Appeal). On February 6, 2017, the Eleventh Circuit affirmed the judgment below. *Fluker v. U.S.*

---

[1] The court believes Plaintiff's references to the "Rehabilitation Act" are in fact a reference to the Americans with Disabilities Act ("ADA"). In her Second Amended Compliant in *Fluker I*, Plaintiff has alleged she was "a qualified individual with a physical impairment as defined by the Rehabilitation Act." *Fluker I*, No. 2:11-cv-03261-AKK (Doc. # 17 at ¶ 57). And in her First Amended Complaint, the same allegation appears under a heading captioned "ADAAA Violation and Retaliation." *Id.* (Doc. # 5 at 57). The court believes this reference is to the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (codified at 42 U.S.C. § 12101).

*Postmaster General*, 677 F. App'x 617 (11th Cir. 2017). Plaintiff then filed a petition for writ of certiorari in the U.S. Supreme Court, which was denied on November 6, 2017. *Fluker v. Brennan*, 138 S. Ct. 431 (2017). The Supreme Court denied her petition for rehearing on January 8, 2018. *Fluker v. Brennan*, 138 S. Ct. 732 (2018).

Three months later, in April 2018, Plaintiff filed the instant action. (Doc. # 1). In this lawsuit, Plaintiff asserts claims based on the same factual allegations at issue in her first case. Her complaint contains allegations about her employment history with the Postal Service that are materially identical to those at issue in her first lawsuit. Plaintiff claims she worked at the Gardendale Post Office from November 1999 until April 2008. (*Id.* at 8-9). She complains about the Postal Service's denial of her transfer, promotion, and FMLA-leave requests, and about her ultimate termination. (*Id.* at 9-11). She claims the Postal Service's adverse treatment of her was based on her race and disability and was in retaliation for previous complaints of discrimination she made. *Id.* In this lawsuit, Plaintiff seeks compensatory and punitive damages, damages for pain and suffering, and reinstatement at the Postal Service, including promotion, back pay, front pay, and interest on lost benefits. (*Id.* at 13). She seeks all legal fees and court costs relating to this suit "from April 4, 2018 until present." (*Id.*). She also seeks compensation for past-due financial expenses and other financial hardships she experienced upon ceasing employment with the Postal Service. (*Id.* at 5).

Though Plaintiff's complaint does not specify the causes of action she seeks to assert in this lawsuit, the complaint does invoke the court's jurisdiction pursuant to a variety of federal statutes and regulations. They include 42 U.S.C. § 1981, "29 CFR Chapter XIV – EEOC," the Fourteenth Amendment, the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), "FMLA Section 501 of 1973," the Equal Pay Act, and the "Rehabilitation Act."

(*Id.* at 3). Under the jurisdictional heading of Plaintiff's complaint, she also lists the following grievances: (1) discrimination; (2) disparate treatment due to race/disability/color; (3) unlawful termination; (4) unpaid compensation. (*Id.*).

## II. Analysis

Plaintiff's complaint is due to be dismissed as barred by res judicata. *See Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 312 (11th Cir. 1992) (affirming dismissal of complaint on res judicata grounds). The Eleventh Circuit applies a four-part test to determine whether a lawsuit is barred by res judicata: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) the prior case must have resulted in a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same cause of action. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). If those four elements are satisfied, the court next determines whether the claims asserted in the subsequent suit "[were] or could have been raised in the prior action." *Id.*

There is no question that the first three elements of res judicata are satisfied in this case. First, the decision in *Fluker I* was rendered by a court with competent jurisdiction over federal employment law claims (the United States District Court for the Northern District of Alabama). Second, the litigation resulted in a final judgment on the merits at the conclusion of a jury trial, and that judgment was affirmed on appeal. And third, *Fluker I* involved the same two parties as the present case: Felecia Fluker and the United States Postmaster General in her official capacity.[2] The court thus confines its discussion to whether (1) the two cases involve the same cause of action and (2) the claims asserted in this case were or could have been raised in the prior action.

---

[2] In *Fluker I*, Plaintiff initially named both the U.S. Postal Service and the Postmaster General as parties. *Fluker I*, No. 2:11-cv-03261-AKK (Doc. # 5). But in her Second Amended Complaint (which became the operative complaint), Plaintiff named only the Postmaster General. *Id.* (Doc. # 17).

4

To determine whether two causes of action are the same for res judicata purposes, "a court must compare the substance of the actions, not their form." *Piper Aircraft*, 244 F.3d at 1297. "[I]f a case arises out of the same nucleus of operative fact" or "is based upon the same factual predicate" as a prior action, then "the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* That is certainly the case here. Plaintiff's current lawsuit is based on the same factual allegations that were litigated, unsuccessfully tried to a jury, and unsuccessfully appealed to the Eleventh Circuit between 2011 and 2017. The conduct Plaintiff complains of in this lawsuit all relates to her employment at the Gardendale Post Office between November 1999 and April 2008. Because both of Plaintiff's lawsuits share the same common nucleus of operative fact, they involve the same cause of action for res judicata purposes.

In addition, it is equally clear Plaintiff's claims in this lawsuit plainly "were raised or could have been raised" in her previous 2011 lawsuit and are thus barred by res judicata. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). In her 2011 lawsuit, Plaintiff asserted claims of race discrimination, retaliation, and disparate treatment under Title VII; "Violation and Retaliation" under the FMLA; "Violation and Retaliation" under the "Rehabilitation Act"; and a claim for mental and emotional distress (apparently under the common law of Alabama). *Fluker I*, No. 2:11-cv-03261-AKK (Doc. # 17 at ¶¶ 39-64). Construing her complaint in the present lawsuit liberally, Plaintiff asserts claims of race discrimination, retaliation, and disparate treatment under Title VII, 42 U.S.C. § 1981, and the Fourteenth Amendment; claims of disability discrimination under the Americans with Disabilities Act; and claims under the Equal Pay Act and FMLA. (Doc. # 1 at 3). Thus, most of Plaintiff's claims in this lawsuit (her Title VII, ADA, and FMLA claims) were *in fact* raised in her prior lawsuit. And those claims that were not in fact raised (her § 1981, Fourteenth

Amendment, and Equal Pay Act claims) certainly *could* have been raised in the first case, because those claims are based on the same factual allegations as the other claims asserted in Plaintiff's first lawsuit. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003) (observing that there was "no question" that the plaintiff's "instant ADA claim shares precisely the same transactional basis" as the claim he advanced in prior litigation and thus that the plaintiff "could have raised it" in the prior suit).

Because the present case meets all four of the Eleventh Circuit's requirements for the application of res judicata, and because the claims asserted in this action were or could have been brought in *Fluker I*, the court concludes that this case is due to be dismissed as barred by res judicata.

### III. Conclusion

For the reasons explained above, Defendant's motion to dismiss (Doc. # 10) is due to be granted. An Order consistent with this Memorandum Opinion will be entered.

DONE and ORDERED this December 17, 2018.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE